IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:10CR00005 |
| ) | |
| v.   ) | **OPINION** |
| ) | |
| **CECIL MOORE,** ) | By:  James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States; Cecil Moore, Pro Se Defendant.*

The defendant, proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 petition.

I.

The defendant, Cecil Moore, was convicted on his guilty plea to drug and firearms charges. He was sentenced to a term of imprisonment with supervised release to follow. The government moved to revoke Moore's supervised release after he was charged with several state crimes. Moore's counsel requested that Moore complete a psychiatric evaluation to determine his competency to undergo the supervised release revocation proceedings. The magistrate judge ordered an

evaluation and ultimately determined that Moore was competent. At the supervised release revocation hearing, Moore did not contest the violations. Revocation Hr'g Tr. 2, ECF No. 110. The parties jointly recommended that Moore's supervision be revoked and that he be sentenced to a total of thirty months imprisonment. I sentenced Moore to a term of imprisonment of thirty months on Count 1 and twenty-four months on Counts 2 through 7, all terms to run concurrently.

Moore now argues that his attorney violated his Sixth Amendment right to effective assistance of counsel during the supervised release revocation proceedings. Specifically, Moore contends that his counsel requested a psychiatric evaluation against his wishes, failed to obtain witnesses to testify on his behalf, did not tell him that his sentences would run concurrently, and misled him during sentencing.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further

investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687.

Deficient performance must be unreasonable under "prevailing professional norms." *Id*. at 688. Such "[p]revailing norms of practice as reflected in American Bar Association standards and the like, e.g., ABA Standards for Criminal Justice . . . are guides to determining what is reasonable." *Id*. However, "they are only guides," and "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id*.

To show prejudice, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Prejudice occurs where the error would have

resulted in a "different sentence," *Wiggins v. Smith*, 539 U.S. 510, 536 (2003), "the verdict would have been different," *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986), or the proceeding was "rendered unreliable, and hence . . . unfair," *Strickland*, 466 U.S. at 694.

## III.

Moore has not overcome the presumption that his counsel's request for a competency hearing was reasonable professional conduct considering Moore's history of mental illness. The American Bar Association Standards for Criminal Justice state, "Defense counsel may . . . move for evaluation of the defendant's competence to proceed whenever counsel has a good faith doubt about the defendant's competence, even if the motion is over the defendant's objection." Standards for Crim. Justice 7-4.3(c) (Am Bar Ass'n 1989). Courts have also held that "defense counsel may move for a competency determination against a client's wishes without violating the Fifth or Sixth Amendment," particularly where the defendant presents indicia of mental illness. *Mallish v. Raemisch*, 662 F. App'x 584, 586 (10th Cir. 2016) (unpublished) (quoting *United States v. Boigegrain*, 155 F.3d 1181, 1188 (10th Cir. 1998)). Conversely, the Fourth Circuit has held that a *failure* to request a competency determination when there is "reason for doubt as to the mental condition of the accused, constitute[s] a denial of his right to effective assistance of counsel." *Kibert v. Peyton*, 383 F.2d 566, 569 (4th Cir. 1967). Here,

there was reason to doubt Moore's competency given his history of mental illness, psychiatric treatment, and suicide attempts. Presentence Investigation Rep. 13–14, ECF No. 54. Moore has not demonstrated that his attorney's request for a competency evaluation was deficient performance after considering all the circumstances.

Nor has Moore shown how his attorney's failure to call witnesses on his behalf prejudiced him. Criminal judgments entered against Moore after he left federal custody were prima facie evidence that he violated a condition of his supervised release that prohibited him from committing another crime. Moore did not contest the violations and agreed that thirty months imprisonment was an appropriate sentence. Thus, Moore has not shown how witness testimony could have resulted in a different outcome at the supervised release revocation hearing.

Additionally, Moore has not shown how he suffered prejudice from his attorney's failure to tell him that his sentences would run concurrently. Indeed, concurrent sentences to be served simultaneously generally result in a shorter term of imprisonment than consecutive sentences to be served one after another. Even if Moore knew that his sentences would run concurrently, he has not shown by a preponderance of the evidence that he would have chosen to dispute the violations, been found not guilty of the violations, or received consecutive sentences.

Finally, Moore's contention that his counsel told him that he would be released in eighteen months after deducting time served strains credulity. This argument presumably references Moore's previous request that I give him credit for time served beginning "from Aug. 8, 2018 when the P.O officer placed the detainer on [him] all the way until Oct. 24, 2019" when he "was placed in federal custody." Moore Letter (Mar. 9, 2020), ECF No. 95. But at the supervised release revocation hearing Moore's counsel stated that Moore had "been in federal custody and earning credit since October of last year," *i.e.* 2019. Revocation Hr'g Tr. 3, ECF No. 110. I asked Moore if he wished to say anything to me before I pronounced sentence and he replied, "No, sir." *Id*. This factually unsupported claim merits neither an evidentiary hearing nor relief. *Dyess*, 730 F.3d at 359-60.

IV.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

ENTER: February 2, 2021

/s/ JAMES P. JONES
United States District Judge